UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOAQUIN D. GARCIA,

                Petitioner,

    v.

DANIEL SATTERBERG,

                Respondent.

CASE NO. 2:22-cv-00427-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 24, 2022

      The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

      Petitioner seeks to proceed *in forma pauperis* ("IFP") in this matter; however, the Court explained that because petitioner's prison trust account statement indicated that he carried a balance between $223 and $190.90 between June 2021 and January 2022, it appeared that petitioner could pay the $5 filing fee for this case. Dkt. 4, at 2. The Court offered petitioner an opportunity to explain why he could not pay the filing fee but required that he support his

response to the Court's show cause order with documentation, such as an updated prison trust account statement, explaining why he could not pay the fee. Dkt. 4, at 1–2. The Court gave petitioner until May 12, 2022, to comply with its order. Dkt. 4, at 2. The Court also warned that failure to comply or to pay the filing fee would result in a recommendation to dismiss the matter without prejudice. Dkt. 4, at 2.

In response to the Court's order, petitioner has filed multiple documents, all of which were late. *See* Dkts. 6–9. He has not provided any documentation of his inability to pay the filing fee. None of his written statements explain why petitioner cannot pay the $5 filing fee for this action.

The right to proceed IFP is not absolute. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Petitioner has not explained why he cannot pay the filing fee in this matter, and based upon his submissions, the Court finds that he is able to afford the $5 filing fee for a habeas corpus petition. Accordingly, the Court recommends that petitioner's motion to proceed IFP be denied. The Court recommends that petitioner pay the full $5 filing fee within thirty days after an order has been entered. If petitioner fails to pay the full $5 filing fee, the Court recommends that the Clerk's Office be directed to dismiss this action and close the case, with no certificate of appealability issuing. *See* 28 U.S.C. § 2253(c)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

REPORT AND RECOMMENDATION - 2

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 24, 2022, as noted in the caption.

A copy of this Report and Recommendation shall be sent to petitioner.

Dated this 9th day of June, 2022.

*(signature)*

J. Richard Creatura
Chief United States Magistrate Judge